Chief Justice Robertson
delivered the opinion of the Court.
Lucy Ann Trimble, a minor, by Isaac Trimble, her father and prochein amy, sued Greenwade for slander. The father being insolvent, Longnecker was substituted as the next friend. And afterwards, Greenwade having pleaded justification, the infant plaintiff and her father made a compromise with him in consequence of which—at their united instance and against the consent of Longnecker as next friend—the Circuit Court dismissed the suit, according to the agreement of compromise, without any judgment for costs.
To reverse that judgment, Longnecker prosecutes this writ of error.
As the plaintiff in error did not, by his bill of exceptions or otherwise, show, in the record, the facts upon which the Circuit Court acted, this Court must presume that the judgment was right, if, in any state of case, it can be right to dismiss such a suit without the consent of the next friend; and that it may be, we can have no doubt.
The Court, in the exercise of a sound discretion, may control a next friend of an infant plaintiff, as well as a guardian ad litem of, an infant defendant; and should always, in that respect, do that which the infant's interest shall seem to require.
In this case the compromise may have been greatly and obviously advantageous to Lucy Ann Trimble, and doubtless it was so, in the opinion of the Circuit Judge. Why then should the next friend have a right to complain, and set aside the judgment? His incidental liability for the costs which had been incurred by the plaintiff in the action, cannot per se entitle him to any such right. Possibly the plea of justification might have been *517 sustained, and thus a trial might have not only destroyed the infant’s character, but greatly augmented also, the liability of her next friend. And the Court being the best and the most proper judge of her interest, the next friend can, of course, have no right to reverse the judgment, merely for his own benefit, or because he has thought fit to object to it—unless he had shown that the dismission of the suit was not beneficial to Lucy Jinn Trimble, or unless the facts exhibited in the Circuit Court had appeared in the record, and were insufficient to show that her interest was consulted by the dismission.
Wherefore, the judgment must be affirmed—at the costs of Longnecker in his own right.